IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF WAYNE GRIGGS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2790 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Jeff Wayne Griggs, a state inmate proceeding *pro se*, files this section 2254 habeas case complaining of the state trial court's delay in finalizing his state habeas proceeding. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed.

*Background and Claims*

Petitioner reports that, on April 9, 2009, he filed an application for state habeas relief with the 184th District Court of Harris County, Texas. On May 20, 2009, the trial court ordered the Office of the General Counsel for the Texas Department of Criminal Justice to file an affidavit regarding designated issues. The affidavit was timely filed on June 12, 2009. Petitioner complains that the trial court has not ruled on his application or forwarded it to the Texas Court of Criminal Appeals. He argues that this two-month "delay" in finalizing or forwarding his habeas application violates state procedural law and his constitutional rights under the Fifth and Fourteenth Amendments. (Docket Entry No. 2, p. 1.)

*Analysis*

Petitioner does not challenge his underlying conviction. He argues instead that, because he is entitled to an immediate release from prison, the state court's violations of the Texas Code of Criminal Procedure and ensuing procedural delay in finalizing his habeas application are denying him due process.

Federal habeas review is available for vindication only of rights existing under federal law, *Martinez v. Johnson*, 255 F.3d 229, 246 (5th Cir. 2001), not of rights existing solely under state procedural rules. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). A violation of a state procedural rule does not, standing alone, constitute a ground for federal habeas relief. Petitioner's claim independently based on violation of state procedural law fails to raise a cognizable federal habeas claim.

Further, that the state court has not ruled on petitioner's pending application within two months does not raise an issue of federal constitutional dimension. There is no federal constitutional right to a state habeas proceeding, and petitioner's claim is not cognizable on federal habeas review. *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Nor are alleged errors occurring during a state habeas proceeding cognizable on federal habeas review, as "infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Even assuming there were such a constitutional right, the purported two-month delay is not of such significance as to deny due process in this case.

Although petitioner has not requested this Court to excuse his failure to exhaust state court remedies, to any extent the petition may be construed as requesting such relief, the request is denied. Although an inordinate and unjustified delay in the state review process may excuse the federal exhaustion requirement, the delay must be solely attributable to inadequate state procedures and impinge on the petitioner's due process rights. *Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir. 1993). The current purported two-month gap between the filing of the affidavit and the trial court's disposition of the habeas proceeding is not so inordinate a delay as to warrant excusing petitioner's non-exhaustion at this time.

*Conclusion*

For these reasons, habeas relief is DENIED and this petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on September 10, 2009.

_____
Gray H. Miller
United States District Judge